W. B. Markovits
billmarkovits@wsbclaw.com
Ohio Bar #0018514
WAITE, SCHNEIDER, BAYLESS &
CHESLEY CO., L.P.A.
1513 Fourth & Vine Tower
1 West Fourth Street
Cincinnati, OH 45202
Telephone: (513) 621-0267
Facsimile: (513) 621-0262

Attorney for Plaintiffs Victor Levey,
Individually and as Executor of the
Estate of Delores Levey

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation<br><br>This document related to:<br><br>8:11-cv-464 JVS (FMOx)<br><br>*Victor Levey, et al. v. Toyota Motor Corp., USA, et al.* | Case No.: 8:10ML2151 JVS (FMOx)<br><br>**OPPOSITION MEMORANDUM OF PLAINTIFFS VICTOR LEVEY, *ET AL.* TO TOYOTA DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT**<br><br>Date:     September 19, 2011<br>Time:     1:30 p.m.<br>Place:    Courtroom of the<br>            Hon. James V. Selna<br>            411 W. Fourth Street<br>            Santa Ana, CA 92701<br>            Court Room 10C |

**OPPOSITION MEMORANDUM OF PLAINTIFFS VICTOR LEVEY,
INDIVIDUALLY AND AS THE EXECUTOR OF THE ESTATE OF
DELORES LEVEY TO TOYOTA DEFENDANTS' MOTION TO
DISMISS AMENDED COMPLAINT**

1

## **TABLE OF CONTENTS**

2   INTRODUCTION AND BACKGROUND.........................................................1

3   FACTS..............................................................................................................1

4   ARGUMENT ....................................................................................................3

5       A.   The Statute Of Limitations Did Not Begin To Run Until

6           Defendants Disclosed In Late 2009 Or Early 2010 That

7           Its Vehicles Suffered Sudden Unintended Acceleration ...............3

8       B.   The Ohio Product Liability Act, Ohio Revised Code

9           § 2307.71, *et seq.*, Does Not Preempt Plaintiffs' Negligent

10           Concealment Claim .......................................................................7

11       C.   Plaintiffs' Amended Complaint Properly States A Claim

12           For Manufacturing Defect ...........................................................10

13   CONCLUSION ................................................................................................13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OPPOSITION MEMORANDUM OF PLAINTIFFS VICTOR LEVEY, *ET AL*. TO TOYOTA
DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

1

## **TABLE OF AUTHORITIES**

2

Pages

3 **Cases**

4 *Bell Atlantic v. Twombly,*

5     550 U.S. 544 (2007) ...................................................................10

6 *Browning v. Burt,*

7     66 Ohio St.3d 544 (1993).......................................................6, 7

8 *CCB Ohio LLC v. Chemque, Inc.,*

    649 F. Supp. 2d 757 (S.D. Ohio 2009) ......................................6

9 *Chamberlain v. The American Tobacco Co,*

10     No. 1:96-cv-02005-PAG, 1999 WL 33994451

11     (N.D. Ohio Nov. 19, 1999) ........................................................9

12 *Collins v. Sotka,*

    81 Ohio St.3d 506 (1998)..........................................................6

13 *Flowers v. Walker,*

14     63 Ohio St. 3d 546 (1992)..........................................................6

15 *Glassner v. R.J. Reynolds Tobacco Co.,*

16     223 F.3d 343 (6th Cir. 2000) .................................................9, 10

17 *Hollar v. Philip Morris Inc.,*

    43 F. Supp. 2d 794 (N.D. Ohio 1998)........................................9

18 *Norgard v. Brush Wellman, Inc.,*

19     95 Ohio St.3d 165 (2002).......................................................3, 6

20 *O'Stricker v. Jim Walter Corp.,*

21     4 Ohio St.3d at 86 (1983)...........................................................3

22 *Phelps v. Lengyel,*

23     237 F. Supp. 2d 829 (N.D. Ohio 2002) ......................................7

24 *Redinger v. Stryker Corp.,*

    No. 5:10-cv-104, 2010 WL 1995829

25     (N.D. Ohio May 19, 2010).................................................11, 12

26 *Shover v. Cordis Corp.,*

27     61 Ohio St.3d 506 (1998)..........................................................5

28

iii

*Stratford v. SmithKline Beecham Corp.,*
       No. 2:07-cv-639, 2008 WL 2491965 (S.D. Ohio June 17, 2008) ............ 8

*Thornton v. State Farm Mutual Auto Insurance Company,*
       No. 1:06-cv-00018, 2006 WL 3359448, (N.D. Ohio
       Nov. 17, 2006) .................................................................................... 7

**Statutes**

Ohio Revised Code § 2125.01.................................................................5

Ohio Revised Code § 2125.01(A)(1) ........................................................5

Ohio Revised Code § 2307.71.................................................................7

Ohio Revised Code § 2307.74.......................................................*Passim*

Ohio Revised Code § 2307.75...............................................................11

OPPOSITION MEMORANDUM OF PLAINTIFFS VICTOR LEVEY, *ET AL.* TO TOYOTA
DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

## INTRODUCTION AND BACKGROUND

This case involves a tragic incident of sudden and unintended acceleration. As a result, Delores Levey lost her life. The incident occurred in Ohio. Ohio law, therefore, applies.

Despite a well-pleaded and extensive complaint, Defendants, Toyota Motor Sales U.S.A., Inc. ("TMS"), Toyota Motor Manufacturing, Kentucky, Inc. ("TMMK"), Toyota Motor Engineering & Manufacturing North America, Inc. ("TEMA") and Toyota Motor Corporation ("TMC") ("Defendants") seek to dismiss Plaintiffs' complaint for failure to file before the statute of limitations expired. Additionally Defendants seek to dismiss Plaintiffs' common law claim for fraudulent concealment. Defendants further seek to dismiss Plaintiffs' defective manufacturing claim Plaintiffs brought pursuant to the Ohio Product Liability Act, Ohio Revised Code § 2307.74.

Defendants' motion is without merit. First, Plaintiffs' inability to discover that Defendants' conduct was the cause of the accident that took Delores Levey's life prevented the statute of limitations from running. Additionally, the courts that have applied the Ohio Product Liability Act have determined that the Act does not preempt Plaintiffs' common law claims for fraudulent concealment. Courts also have found that evidence of a recalled product is sufficient to defeat a motion to dismiss a claim for defective manufacturing.

## FACTS

On January 15, 2008, Dolores Levey was driving her 2007 Lexus ES350 on Cooper Road in Blue Ash, Ohio--a suburb of Cincinnati, Ohio. She had just left a gasoline station approximately one mile away on Cooper and Reading roads and was traveling to the Blue Ash YMCA to exercise. As her Lexus ES 350 travelled up the Cooper Road hill, the Lexus suddenly and unexpectedly accelerated. As its speed increased, the car collided with bushes, two

1

1    mailboxes, and ultimately crashed into a tree. First Amended Complaint at ¶19,
2    Case 8:11-cv-00464-JVS –FMO, Document 10.

3        The collision killed Dolores Levey. At the time of the incident, Dolores
4    Levey was driving the Lexus in an intended and foreseeable manner. Toyota
5    designed, manufactured, equipped, warranted, promoted, advertised, warned,
6    distributed and sold the 2007 Lexus ES350. First Amended Complaint at ¶20,
7    Case 8:11-cv-00464-JVS –FMO, Document 10.

8        Toyota, approximately two years after the accident, as part of its
9    nationwide recalls related to unintended acceleration, recalled the model of
10   Lexus that Dolores Levey was driving. Prior to the recall, Victor Levey lacked
11   any reason to suspect that his wife's Lexus was subject to unintended
12   acceleration. First Amended Complaint at ¶21, Case 8:11-cv-00464-JVS –
13   FMO, Document 10.

14       Defendants are responsible for the acceleration, wreck, and resulting
15   injuries and caused the incident by Defendants failings related to the Lexus ES
16   350, including its design, warning, manufacture, marketing, service, inspection,
17   distribution, and sale. At no time prior to the Lexus ES 350's sudden and
18   unintended acceleration did Toyota, despite superior knowledge, provide any
19   warning regarding the dangerous propensities within the Lexus ES 350. At no
20   time prior to the Lexus ES 350's sudden and unintended acceleration did the
21   Lexus ES 350 include a brake override or fail-safe device to impede or stop the
22   sudden, unintended acceleration of the Lexus ES 350, although such a feasible
23   alternate design was available and had been used by other prominent vehicle
24   manufacturers in the United States. First Amended Complaint at ¶¶22-23, Case
25   8:11-cv-00464-JVS –FMO, Document 10.
26   / / /
27   / / /
28   / / /

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ARGUMENT**

**THE COURT SHOULD DENY DEFENDANTS' MOTION TO DISMISS**

> **A.     The Statute Of Limitations Did Not Begin To Run Until Defendants Disclosed In Late 2009 Or Early 2010 That Its Vehicles Suffered Sudden Unintended Acceleration.**

This Court already, in the context of California law, has addressed the operation of the discovery rule and the commencement of the statute of limitations and denied the Toyota Defendants' motion to dismiss based on the application of the discovery rule and the statute of limitations. *See* Order denying Toyota's motion to dismiss as time barred by statute of limitations, Case 8:10-ml-02151-JVS –FMO, Document 542, Filed 12/09/10.  In its Order, the Court held that "physical injury alone is often insufficient to trigger the statute of limitations" because physical injury is not always coupled with knowledge of the injury's negligent cause." *Id*. at 7.  The Court further noted that "the discovery rule 'delays accrual until the plaintiff has, or should have, inquiry notice of the cause of action.'" (Citations omitted.) *Id*.

When applying the discovery rule, Ohio courts follow the same legal principles that this Court applied. According to Ohio law, the statute of limitations does not begin to run until the plaintiff can appreciate that defendant's conduct caused the injury. According to the Ohio Supreme Court:

> the discovery rule entails a two-pronged test-i.e., discovery not just that one has been injured but also that the **injury was "caused by the conduct of the defendant"**-and that a statute of limitations does not begin to run until both prongs have been satisfied. *O'Stricker,* 4 Ohio St.3d at 86, 4 OBR 335, 447 N.E.2d 727, paragraph two of the syllabus. (Emphasis added.)

*Norgard v. Brush Wellman, Inc.*, 95 Ohio St.3d 165, 167 at ¶ 9 (2002).

/ / /

3

1    Similar to the Plaintiffs that this Court considered when it denied
2  Toyota's motion to dismiss as time barred by statute of limitations, Doc. No.
3  542, Plaintiff Victor Levey has alleged that Defendants' failure to disclose facts
4  prevented him from discovering that Defendants' conduct caused the injury—
5  the death of his wife.

6       Through such acts of fraudulent concealment, Toyota successfully
7       concealed from the public facts necessary to support the claims
8       herein.   Plaintiffs were and continue to be prevented from
9       knowing and having knowledge of such unlawful, unfair,
10      fraudulent, and deceptive conduct, or of facts that might have led
11      to the discovery thereof.

12  First Amended Complaint at ¶ 115, Case 8:11-cv-00464-JVS-FMO, Document
13  10.

14      Plaintiff further alleges that he "could not, by the exercise or reasonable
15  diligence, have discovered the wrongful cause of the injuries at an earlier time."
16  First Amended Complaint at ¶ 117, Case 8:11-cv-00464-JVS-FMO, Document
17  10.

18      Plaintiff did not know or suspect, nor did Plaintiff have reason to
19      know or suspect, the cause of the injuries, or the tortious nature of
20      the conduct causing injuries, until less than two years prior to the
21      filing of this action.

22  *Id.*

23      The allegations in the Levey complaint clearly are sufficient to permit the
24  Court to reach the same conclusion that it earlier reached.

25      The plausibility of the inference that a driver in Chang's [Levey's]
26      position may have reasonably believed that her own inadvertent
27      conduct, not a defect with the vehicle, must have caused the
28      accident is bolstered by the fact that the alleged cause of the injury

1       was a latent, electronic defect with the vehicle's braking system,

2       not a readily apparent, physically perceptible problem, such as a

3       wheel falling off the vehicle.

4 Order denying Toyota's motion to dismiss as time barred by statute of

5 limitations, Case 8:10-ml-02151-JVS –FMO, Document 542, Filed 12/09/10 at

6 9.  Accordingly, this Court's earlier reasoning coupled with Ohio's identical

7 discovery rule demonstrates that the Plaintiffs in the *Levey* action commenced

8 their action within two years of discovering that the conduct of the Toyota

9 Defendants caused his wife's death.

10     Despite the fact that Plaintiffs have satisfied the necessary conditions to

11 invoke the discovery rule, Defendants suggest that damage, in and by itself, is

12 sufficient to cause a reasonable person to commence an inquiry. *See*

13 Defendants' Motion to Dismiss, Doc. No. 13 at 14. (Plaintiffs were aware of

14 injuries and death and that prompted running of statute.)   As this Court

15 reasoned in its Order, Defendants are wrong: a driver or surviving spouse likely

16 will not suspect that the "cause of the injury was a latent, electronic defect with

17 the vehicle's braking system..." *Id.*

18     The Ohio Supreme Court agrees with this Court's analysis and expressly

19 has held that death does not commence the running of the statute of limitations.

20 The limitations period does not begin until there is proof that the defendant

21 caused the death.

22       A wrongful death claim is not triggered merely by the death of a

23       person, but by "the death of a person * * * *caused by wrongful act.*"

24       (Emphasis added.) R.C. 2125.01(A)(1); see, also, *Shover v. Cordis*

25       *Corp.,* 61 Ohio St.3d at 220-221, 574 N.E.2d at 463, construing

26       former R.C. 2125.01 (A. William Sweeney, J., dissenting).

27       Therefore, in order for a wrongful death case to be brought, the

28       death must be wrongful. **The fact that a body was discovered**

OPPOSITION MEMORANDUM OF PLAINTIFFS VICTOR LEVEY, *ET AL.* TO TOYOTA
DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

1   **and/or that a death took place is irrelevant unless there is proof**

2   **that a defendant was at fault and caused the death.** Death, in and

3   of itself, does not trigger the running of the statute of limitations in

4   a wrongful death…(Emphasis added.)

5   *Collins v. Sotka*, 81 Ohio St.3d 506 (1998).[1]  This opinion certainly

6   demonstrates that Defendants are wrong when they assert that "Ohio's

7   discovery rule focuses on the nature of the claimed injury, not the nature of the

8   claimed wrongdoing or defect." Motion to Dismiss, Doc. No. 13 at 6.  *See CCB*

9   *Ohio LLC v. Chemque, Inc.*, 649 F. Supp. 2d 757, 765 (S.D. Ohio 2009) (In a

10  products liability action the court cited *Collins* and rejected Defendant's theory

11  that Plaintiffs' action is barred by the statute of limitations.)

12      Although it is unnecessary to determine whether equitable tolling

13  applies, to the extent the Court determines a need to visit the issue, the Court

---

15  [1] Defendants cite *Flowers v. Walker*, 63 Ohio St. 3d 546 (1992) to suggest that
16  in a tire blow out situation, a plaintiff does not have additional time to discover
    whether the tire was defective. This analysis from *Flowers* does not apply.
17  *Flowers* involved medical malpractice and not a defective tire. The reference
18  was dicta. Also, *Flowers* predated *Norgard v. Brush Wellman, Inc.*, 95 Ohio
    St.3d 165, 167 at ¶ 9 (2002) and *Collins v. Sotka*, 81 Ohio St.3d 506 (1998) and
19  does not reflect current Ohio law. Indeed, a year after it decided *Flowers*, the
20  Ohio Supreme Court held that knowledge of malpractice was insufficient to
21  start the statute of limitations when the cause of the injury was negligent
    credentialing.

23      [D]iscovery of a physician's medical malpractice does not, in itself,
        constitute an 'alerting event' nor does discovery implicate the
24      hospital's credentialing practices or require the investigation of the
        hospital in this regard.   To hold otherwise would encourage
25      baseless claims of negligent credentialing and a hospital would be
26      named in nearly every lawsuit involving the malpractice of a
        physician.

28  *Browning v. Burt*, 66 Ohio St.3d 544, 559 (1993).

---

6

1  should find that equitable tolling is applicable.  In this case, Plaintiffs clearly
2  have alleged that Defendants actively concealed defects. *See* First Amended
3  Complaint at ¶ 115, Case 8:11-cv-00464-JVS-FMO, Document 10.   Under
4  Ohio law, active concealment permits the Court to equitably toll the statute of
5  limitations.

6       "[U]nder limited circumstances Ohio law recognizes that the
7       concealment of a cause of action can toll the statute of
8       limitations." *Phelps v. Lengyel,* 237 F. Supp. 2d 829, 836 (N.D.
9       Ohio 2002). One such circumstance is fraudulent concealment.
10      *Browning v. Levy,* 283 F.3d 761, 770 (6th Cir. 2002).

11 *Thornton v. State Farm Mut. Auto Ins. Co.,* No. 1:06-cv-00018, 2006 WL
12 3359448, at *3 (N.D. Ohio Nov. 17, 2006).

13      **B.    The Ohio Product Liability Act, Ohio Revised Code § 2307.71,**
14           ***et. seq.,* Does Not Preempt Plaintiffs' Negligent Concealment**
15           **Claim.**

16      Although the Ohio Product Liability Act, Ohio Revised Code § 2307.71
17 *et seq.*, preempts many common law causes of action, it does not preempt all
18 common law causes of action.  Specifically, courts that have reviewed and
19 applied the Ohio Product Liability Act have held that the Act does not preempt
20 certain fraud claims similar to the fraud claim in Plaintiffs' Amended
21 Complaint.

22      In their Amended Complaint, Plaintiffs allege that Defendants possessed
23 superior knowledge of the dangerous condition, sudden and unintended
24 acceleration, that Defendants had a duty to disclose the information, that
25 Defendants withheld the information and that the withholding of the
26 information injured the Plaintiffs. *See* First Amended Complaint at ¶¶128-35,
27 Case 8:11-cv-00464-JVS –FMO, Document 10.
28 / / /

OPPOSITION MEMORANDUM OF PLAINTIFFS VICTOR LEVEY, *ET AL.* TO TOYOTA
DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

1    For example, Plaintiffs allege that "each of the Defendants intentionally
2    deceived Plaintiff and his deceased wife by concealing and suppressing the
3    nature and extent of the Defects with the intent to defraud Plaintiff," and that
4    "...Toyota purposefully and intentionally devised its scheme of concealment
5    and suppression of the true facts concerning the existence and nature of the
6    Defects." First Amended Complaint at ¶¶ 133, 135, Case 8:11-cv-00464-JVS –
7    FMO, Document 10.  The Amended Complaint, moreover, provides details of
8    withheld information.  The complaint alleges that "...Toyota knew, as early as
9    2001, that certain of the vehicles it designed, manufactured, marketed,
10   distributed, sold or leased in the State of Ohio and elsewhere, contained the
11   Defects in the acceleration control and throttle system and, at all times relevant,
12   Defendants concealed and suppressed this material fact from Plaintiff and his
13   deceased wife." First Amended Complaint at ¶129, Case 8:11-cv-00464-JVS –
14   FMO, Document 10.

15         Under similar circumstances, courts expressly have found that the Ohio
16   Product Liability Act does not preempt a common law cause of action for
17   fraudulent concealment.  The Courts found that a claim for active deception is
18   different from a products liability claim.  For example, in *Stratford v.*
19   *SmithKline Beecham Corp.,* No. 2:07-cv-639, 2008 WL 2491965 (S.D. Ohio
20   June 17, 2008),[2] the United States District Court for the Southern District of
21   Ohio applied the Ohio Product Liability Act in a case involving the anti-
22   depressant medication Paxil.  The plaintiffs brought an intent to deceive claim.
23   The defendants moved to dismiss the claim.  The defendants argued that the
24   Ohio Product Liability Act preempted the claim.

25         The District Court rejected the defendants' analysis and found that the
26   Ohio Product Liability Act did not preempt the claim:

27   _____

28   [2] A copy of *Stratford v. SmithKline Beecham Corp.,* No. 2:07-cv-639, 2008 WL
2491965 (S.D. Ohio June 17, 2008) is attached as Exhibit "A".

8

The complaint also generally alleges that GSK actively misrepresented the truth about Paxil's safety. **The claims of active misrepresentation are not necessarily abrogated by the OPLA because they may implicate the more general duty not to deceive,** rather than the duty to warn. *Glassner v. R.J. Reynolds Tobacco Co.,* 223 F.3d 343 (6th Cir.2000) (fraud claims are based on the general duty not to deceive); *see Chamberlain,* 1999 U.S. Dist. LEXIS 2263, 1999 WL 33994451 (complaint for fraud that was grounded on allegations of breach of a general common law duty not to deceive rather than on allegations that the product did not conform to defendant's representations or warranties is not displaced by the OPLA); *Hollar v. Philip Morris Inc.,* 43 F.Supp.2d 794, 808 (N.D.Ohio 1998) (common law fraud claim is based primarily on defendant's breach of its alleged duty not to deceive and is not limited to a product liability claim). (Emphasis added.)

*Id.* at *8. Indeed, in tobacco litigation, the United States Court of Appeals for the Sixth Circuit also held that the Ohio Product Liability Act does not preempt claims that defendants withheld information concerning dangerous products:

Glassner's **common law fraud claim goes beyond his OPLA claims** in that **he asserts that Defendants had extra knowledge concerning the harmful effects of smoking,** such as the addictive nature of nicotine and the manipulation of nicotine levels in cigarettes, that **they withheld that information despite a duty to disclose it,** and that they in fact made material misrepresentations about cigarettes knowing such statements to be false. Glassner further alleges that the decedent relied on

9

1    Defendants' **misrepresentations and concealment** and was
2    damaged as a result. (Emphasis added.)
3    *Glassner v. R.J. Reynolds Tobacco Co.*, 223 F.3d 343, 352 (6th Cir. 2000).
4        Here, Plaintiffs clearly have alleged that Defendants had superior
5    knowledge concerning unintended acceleration, that Defendants had a duty to
6    disclose the information and that Defendants', through misrepresentations and
7    concealment, withheld the information.   Courts that have applied the Ohio
8    Products Liability Act to these allegations routinely have held that the Act does
9    not preempt the fraudulent concealment claim.   Accordingly, this Court should
10   deny Defendants' motion to dismiss the claim for fraudulent concealment.
11       **C.    Plaintiffs' Amended Complaint Properly States A Claim For
12       Manufacturing Defect.**
13       Of course, Plaintiffs have been unable to conduct extensive discovery
14   into Defendants' manufacturing process or the manufacturing specifications for
15   the Lexus that Delores Levey was driving when she died.   Nonetheless, the
16   Amended Complaint certainly provides an extensive discussion concerning
17   rapid acceleration, the inability to stop the car, Defendants' recall, and
18   Plaintiffs' full compliance with the recall.  Based on these allegations, Plaintiffs
19   clearly have satisfied all applicable pleading requirements to bring a claim
20   pursuant to the Ohio Product Liability Act, Ohio Revised Code § 2307.74.
21       Although the pleading requirements appear to have become more
22   stringent, the requirements still only require that a claim is plausible.   The
23   requirements do not require legal probability.  "The plausibility standard is not
24   akin to a 'probability requirement,' but it asks for more than a sheer possibility
25   that a defendant has acted unlawfully." *Id.*   A complaint's factual allegations
26   must be enough to raise a right to relief above the speculative level, on the
27   assumption that all of the complaint's allegations are true.  *Bell Atlantic v.*
28   *Twombly,* 550 U.S. 544, 555 (2007).

---

10

1   Here, the alleged facts demonstrate that Plaintiffs have a plausible claim
2   for a manufacturing defect.   Defendants, prior to the accident, had recalled
3   Lexus ES 350 models, including the 2007 Lexus ES 350.   Any reasonable
4   review of these allegations suggests the car was defective and a manufacturing
5   defect was a likely reason the vehicle failed to perform as expected.
6   When the United States District Court for the Northern District of Ohio
7   recently applied the Ohio Product liability Act, Ohio Revised Code § 2307.74
8   in *Redinger v. Stryker Corp.*, No. 5:10-cv-104, 2010 WL 1995829 (N.D. Ohio
9   May 19, 2010), a case involving similar allegations, the district court denied
10   defendants' motion to dismiss the complaint.   In *Redinger*, the defendants
11   manufactured and sold a medical device-a straight cemented stem with porous
12   body.   The device surgically was implanted into the plaintiff's leg.   The device
13   broke and the plaintiff had to undergo revision surgery.   The plaintiff alleged
14   that the device was recalled because of its propensities to become disassociated
15   after implantation requiring the recipient patient to undergo additional medical
16   treatment.     The plaintiff further alleged that the device suffered from a
17   manufacturing defect and gave rise to a cause of action pursuant to the Ohio
18   Product liability Act, Ohio Revised Code § 2307.74.
19   The defendants, in *Redlinger*, moved to dismiss.   The defendants, similar
20   to the Toyota Defendants, argued that the complaint lacked sufficient specificity
21   to satisfy the plausibility requirement.   The *Redlinger* district court rejected the
22   argument.   According to the court, the fact that the device was recalled together
23   with evidence that the device failed to function properly "it snapped in two"
24   was sufficient to meet the pleading requirements:
25   Reading the Amended Complaint in the light most favorable to
26   Plaintiff, Plaintiff's factual allegations are sufficient to support
27   *plausible* claims under §§ 2307.74 and 2307.75 of the OPLA.
28   **The factual allegations that a part relating to the device was**

11

1    **recalled and that the device snapped in two in Plaintiff's leg**
2    **supports a plausible inference at this motion to dismiss stage**
3    **that Plaintiff's device deviated** in some material way from "the
4    design specifications, formula, or performance standards of the
5    manufacturer, or from otherwise identical units manufactured to
6    the same design specifications, formula, or performance
7    standards." (Emphasis added.)
8    *Redinger v. Stryker Corp.*, No. 5:10-cv-104, 2010 WL 1995829, at *3 (N.D.
9    Ohio May 19, 2010).[3]
10   Similarly, Plaintiffs' Amended Complaint provides a plausible claim that
11   the Lexus ES 350 deviated in some material way from the design specifications,
12   formula, or performance standards of the manufacturer or from otherwise
13   identical units manufactured to the same design specifications, formula, or
14   performance standards.  Furthermore, Plaintiffs' Amended Complaint clearly
15   alleges that Defendants had recalled the car because of the likelihood of
16   unintended acceleration, that the car did abnormally accelerate, and that
17   Plaintiff's wife, despite heroic efforts, was unable to the stop the car.  Without
18   question, similar to the allegations in *Redinger*, these allegations create a
19   plausible claim for pursuing a manufacturing defect.  The Court, therefore,
20   should deny Defendants' motion to dismiss Plaintiffs' claim for a
21   manufacturing defect pursuant to the Ohio Product liability Act, Ohio Revised
22   Code §2307.74.
23   / / /
24   / / /
25   / / /
26   / / /
27   _____
28   [3] A copy of *Redinger v. Stryker Corp.*, No. 5:10-cv-104, 2010 WL 1995829 (N.D. Ohio May 19, 2010) is attached as Exhibit "B".

12

OPPOSITION MEMORANDUM OF PLAINTIFFS VICTOR LEVEY, *ET AL.* TO TOYOTA
DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

**CONCLUSION**

For the reasons contained in this Opposition Memorandum, the Court should deny Defendants' Motion to Dismiss Plaintiffs' common law claim for fraudulent concealment and Plaintiffs' defective manufacturing claim brought pursuant to the Ohio Product Liability Act, Ohio Revised Code § 2307.74.

Dated:  August 30, 2011                    Respectfully submitted,

                                           WAITE, SCHNEIDER, BAYLESS &
                                           CHESLEY CO., L.P.A.


                                           By: */S/ W. B. Markovits*
                                           W. B. Markovits
                                           1513 Fourth & Vine Tower
                                           One West Fourth Street
                                           Cincinnati, OH  45202
                                           Telephone: (513) 621-0267
                                           Facsimile: (513) 621-0262
                                           Email: stanchesley@wsbclaw.com


                                           Liaison Committee Member Required
                                           Signature:
                                           ROBINSON, CALCAGNIE &
                                           ROBINSON


                                           By:_____
                                               MARK P. ROBINSON, JR.

OPPOSITION MEMORANDUM OF PLAINTIFFS VICTOR LEVEY, *ET AL*. TO TOYOTA
DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

## CONCLUSION

For the reasons contained in this Opposition Memorandum, the Court should deny Defendants' Motion to Dismiss Plaintiffs' common law claim for fraudulent concealment and Plaintiffs' defective manufacturing claim brought pursuant to the Ohio Product Liability Act, Ohio Revised Code § 2307.74.

Dated: August 30, 2011

Respectfully submitted,

WAITE, SCHNEIDER, BAYLESS & CHESLEY CO., L.P.A.

By: /S/ W. B. Markovits
W. B. Markovits
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, OH 45202
Telephone: (513) 621-0267
Facsimile: (513) 621-0262
Email: stanchesley@wsbclaw.com

Liaison Committee Member Required Signature:
ROBINSON, CALCAGNIE & ROBINSON

By: _Mark P. Robinson, Jr._

MARK P. ROBINSON, JR.

13